United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

C. H. ROBINSON CO.,

    Plaintiff,

  v.

MARINA PRODUCE CO., INC.,
DOMINIC MONTALBANO AND
DONNA RODRIGUEZ,

    Defendants.

No. C 05-04032 WHA

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

**INTRODUCTION**

In this action for the collection of the amount owing on shipments of fruits and vegetables, plaintiff C. H. Robinson Co. moves for default judgment against defendants Marina Produce Co., Inc., Dominic Montalbano and Donna Rodriguez. In addition to the amount owed for the produce, plaintiff asks for attorney's fees, interest and costs. The motion for default judgment against defendant Marina Produce is **GRANTED**. Damages for the unpaid goods, attorney's fees and costs are awarded. To the extent allowed by 28 U.S.C. 1961, post-judgment interest is awarded. Plaintiff is entitled to prejudgment interest, but must submit additional briefing as to the amount. Plaintiff's request to establish personal liability against individual defendants Dominic Montalbano and Donna Rodriguez is **DENIED**.

**STATEMENT**

Plaintiff is a wholesale supplier of perishable agricultural commodities. Defendants are dealers. Defendants Dominic Montalbano and Donna Rodriguez are the owners of Marina Produce.

Plaintiff sold and delivered produce to defendants. Defendants have not paid. Defendants have fifteen outstanding invoices dating from October 18 to December 16, 2003. The outstanding balance is $23,814.55. Plaintiff filed its complaint on October 5, 2005, alleging violation of the statutory trust established under the Perishable Agricultural Commodities Act, 7 U.S.C. 499e(c). Defendants were served on December 6. They failed to respond and the Clerk entered default on January 17.

In addition to the unpaid balance of $23,814.55, plaintiff seeks prejudgment interest of $5,117.88, costs of $558.00, attorney's fees of $4,200.00 and post-judgment interest.

**ANALYSIS**

Under FRCP 55(b)(2), a party can apply to the court for entry of judgment by default. "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The following factors are considered:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

For the following reasons, these factors favor entry of default judgment against defendant Marina Produce.

**1.    MERITS OF SUBSTANTIVE CLAIMS AND SUFFICIENCY OF THE COMPLAINT.**

After entry of default, well-pleaded factual allegations in the complaint are taken as true, except as to the amount of damages. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

Plaintiff alleges violation of 7 U.S.C. 499e(c) ("PACA"). PACA applies to sales of perishable agricultural commodities to "any commission merchant, dealer, or broker."

2

PACA gives the suppliers of such commodities special rights designed to ensure payment. It requires that all produce-derived revenues "be held by such commission merchant, dealer, or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities . . . until full payment of the sums owing in connection with such transactions has been received . . . ." Section 499b(4) requires buyers to "make full payment promptly."

To establish the existence of a PACA trust, plaintiff must show that: (1) the commodities sold were perishable agricultural commodities; (2) the buyer was a commission merchant, dealer or broker; (3) the transaction occurred in interstate commerce; (4) the seller has not yet received full payment; and (5) the seller preserved its trust rights by giving proper notice to the buyer. 7 U.S.C. 499e. A seller can use "ordinary and usual billing or invoice statements to provide notice of the [seller's] intent to preserve the trust," so long as they contain the following language:

> The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

7 U.S.C. 499e(c)(4).

Plaintiff's allegations of the existence of a PACA trust are sufficient. Plaintiff claims to have sold perishable produce through interstate commerce to defendants who were dealers, and that plaintiff has not received full payment for sales dating back to October 18, 2003. Plaintiff also claims to have complied with PACA's notice requirement under 7 U.S.C. 499e(c)(4). Plaintiff submitted invoices including the requisite statutory language.

Plaintiff next seeks to establish personal liability on individual defendants Dominic Montalbano and Donna Rodriguez. Plaintiff cites *Sunkist Growers, Inc. v. Fisher*, 104 F.3d 280 (9th Cir. 1997), for the proposition that defendants are personally liable (Br. 7). *Sunkist*, after surveying the decisions concerning individual liability under a PACA trust claim, stated:

> The unanimous conclusion of the cases is that PACA liability attaches first to the licensed seller of perishable agricultural commodities. If the seller's assets are insufficient to satisfy the

3

> liability, others may be found secondarily liable if they had some role in causing the corporate trustee to commit the breach of trust.
>
> We agree that individual shareholders, officers, or directors of a corporation who are in a position to control PACA trust assets, and who breach their fiduciary duty to preserve those assets, may be held personally liable under the Act. (citation omitted).

*Id.* at 283.

Consequently, to establish personal liability plaintiff must make a showing that the licensed seller's assets are insufficient to satisfy the liability. Following this, plaintiff must then show that the individuals controlled PACA trust assets. Finally, plaintiff must show that the individuals breached their fiduciary duty to preserve those assets.

Plaintiff's complaint falls short. Plaintiff did not allege any facts showing that defendant Marina Produce, the licensed seller, has insufficient assets to satisfy the liability. Plaintiff did not allege any facts as to the manner in which individual defendants controlled PACA trust assets and the day-to-day operations. Nor are there any facts showing how individual defendants breached their fiduciary duty. "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (citation omitted). Instead of alleging facts showing that the requirements for imposing personal liability have been met the complaint repeats the holding of *Sunkist*.

Plaintiff also cites *In re Zois*, 201 B.R. 501, 507 (Bankr. N.D. Ill. 1996), for the proposition that "[c]ourts have generally imparted individual responsibility for breaches of PACA while individuals were in the employ or an officer of a corporation" (Br. 7–8). This simply restates an element to find individual liability, *i.e.*, that there must first be a breach of the PACA trust. *Zois* was a bankruptcy decision. *Zois* held that an individual's defalcation while acting as a fiduciary of a PACA trust was sufficient grounds to deny discharge of a debt under 11 U.S.C. 523(a)(4). Section 523(a)(4) provided that there shall be no discharge from any debt "for fraud or defalcation while acting in a fiduciary capacity . . . ." Defalcation was defined as "the misappropriation of trust funds held in any fiduciary capacity, and the failure to properly account for such funds." *Zois*, 201 B.R. at 506. Plaintiff's cite to *In re Snyder*, 184 B.R. 473

4

(Bankr. D. Md. 1995), involved a similar fact pattern as *Zois*. Neither decision augments plaintiff's claim that individual defendants are personally liable. Plaintiff seems to suggest that whenever a produce buyer defaults on payments it results in a breach of the PACA trust to which the individual buyers are liable. This ignores the requirements in *Sunkist.*

### 2. THE REMAINING *EITEL* FACTORS.

With the exception of individual defendants, the remaining *Eitel* factors favor entry of default judgment. To deny plaintiff's application would leave plaintiff without a remedy. Moreover, defendants have refused to litigate this action here after being properly served with the complaint and summons. In general, the fact that a large sum of money is at stake is a factor disfavoring default judgment. *Cf. Eitel*, 782 F.2d at 1472 (stating that the fact that three million dollars was at stake, when considered in light of the parties' dispute as to material facts, supported the court's decision not to enter judgment by default). Plaintiff asks for damages of $23,814.55. That amount pales beside the three million dollars at stake in *Eitel*. Since defendants never filed an answer to the complaint, it is unclear whether there is a possibility of dispute concerning the material facts. There is no evidence that defendants' failure to respond was the result of excusable neglect. Although federal policy may favor a decision on the merits, FRCP 55(b) permits entry of default judgment in situations, such as this, where the defendant has refused to litigate. On balance, the *Eitel* factors weigh in favor of default judgment.

### 3. DETERMINATION OF DAMAGES, INTEREST, FEES AND COSTS.

Damage allegations are not deemed true simply because of the defendant's default. Some proof of the amount is required. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). The statute at issue provides that violators are liable "for the full amount of damages" and that buyers maintain the statutory trust "until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers . . . ." 7 U.S.C. 499e(a), (c)(2).

Plaintiff submitted fifteen invoices showing a total amount of $23,814.55 outstanding (Biesterfeld Decl., Exh. A). This accounting is sufficient and reflects the exact amount plaintiff seeks in damages.

5

Plaintiff next seeks attorney's fees in the amount of $4,200.00, prejudgment interest in the amount of $5,117.88, and post-judgment interest. Plaintiff argues that the language on each invoice, which stated that "[i]nterest and attorneys fees necessary to collect payment are sums owing in connection with the transaction," constituted an agreement between plaintiff and defendants for interest and attorney's fees in any dispute (Br. 8).

Contractual claims for attorney's fees and interest are within the scope of a PACA trust claim. *Middle Mountain Land & Produce, Inc. v. Sound Commodities*, *Inc.*, 307 F.3d 1220, 1224–25 (9th Cir. 2002). Absent a contractual claim, a district court has limited authority to grant attorney's fees and broad discretion to award prejudgment interest. *Id*. at 1225–26.

The issue then is whether a contractual right was created by the provision on plaintiff's invoices stating that "[i]nterest and attorneys fees necessary to collect payment are sums owing in connection with the transaction." These are additional terms as the invoices were sent after the produce had shipped. "Between merchants [additional] terms become part of the contract unless: (a) [t]he offer expressly limits acceptance to the terms of the offer; (b) [t]hey materially alter it; or (c) [n]otification of objection to them has already been given or is given within a reasonable time after notice of them is received." Cal. Com. Code 2207(2). There is no reason to conclude that any of the exceptions apply. *See United States v. A.E. Lopez Enters., Ltd.*, 74 F.3d 972, 976 (9th Cir. 1996) (finding that interest terms on concrete supplier's invoice created an enforceable contract); *JC Produce, Inc. v. Paragon Steakhouse Rests., Inc.*, 70 F. Supp. 2d 1119, 1123 (E.D. Cal. 1999) (holding that the plaintiff's invoices expressly reserved PACA trust rights over interest and reasonable attorney's fees). The invoices submitted by plaintiff thus set forth the terms for past due accounts with respect to interest and attorney's fees.

Plaintiff seeks an amount of $4,200.00 for attorney's fees. Plaintiff submitted a description of the legal work performed, a breakdown of the 16.8 hours expended, and the attorney's hourly rate of $250 per hour (Cornell Decl. ¶¶ 6–7). This accounting is sufficient.

Plaintiff next claims a prejudgment interest award in the amount of $5,117.88. Plaintiff appears to base this amount on an interest rate of ten percent (Biesterfeld Decl., Exh. C).

6

Plaintiff did not provide any authority supporting its entitlement to that particular rate. Nor did plaintiff provide any evidence that plaintiff and defendants agreed to that rate. Plaintiff's invoices did not specify the amount of interest. It is unclear whether plaintiff based its interest rate on that provided for in 28 U.S.C. 1961, in California Civil Code 3289(b), or on some other agreement between the parties. Plaintiff's summary chart of the invoices showing the interest owed as to each invoice is insufficient. As to post-judgment interest, that interest is mandatory. *Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 290 (9th Cir. 1994) (noting that "[u]nder the provisions of 28 U.S.C. 1961, post-judgment interest on a district court judgment is mandatory").

Finally, plaintiff claims court costs in the amount of $558.00. Plaintiff has submitted a breakdown of the court costs which consist of fees for filing and service of process (Cornell Decl. ¶ 5). This accounting is sufficient.

## CONCLUSION

Plaintiff's entry of default judgment against defendant Marina Produce for the principle amount of $23,814.55, for attorney's fees in the amount of $4,200.00 and for costs in the amount of $558.00 is **GRANTED**. To the extent allowed by 28 U.S.C. 1961, post-judgment interest is **GRANTED**. Plaintiff's motion for prejudgment interest is **DENIED**. Plaintiff cited no authority indicating that ten percent is the correct prejudgment interest rate. Plaintiff may file a motion for prejudgment interest within seven calendar days of entry of judgment. Plaintiff failed to allege sufficient facts as to individual liability. Plaintiff's request to establish liability of individual defendants Dominic Montalbano and Donna Rodriguez is **DENIED**. In order to fix the latter, it will be necessary to file a sufficient amended complaint, serve it on the individuals, wait for a default, and start over again.

**IT IS SO ORDERED.**

Dated: March 13, 2006.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

7