**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C. H. ROBINSON CO., | No. C 05-04032 WHA |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION FOR ADDITIONAL PREJUDGMENT INTEREST** |
| MARINA PRODUCE CO.; DOMINIC MONTALBANO AND DONNA RODRIGUEZ, | |
| Defendants. | |

## INTRODUCTION

This is a motion to amend a default judgment to add more prejudgment interest.

## STATEMENT

Plaintiff alleged breach of the statutory trust established under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. 499e(c). On March 13, 2006, default judgment was entered against defendant Marina Produce Co. for the principal amount of $23,814.55, for attorney's fees in the amount of $4,200.00 and for costs in the amount of $558.00. Post-judgment interest was awarded to the extent allowed by 28 U.S.C. 1961. Plaintiff also moved for prejudgment interest in the amount of $5,117.88. The Court held that plaintiff was entitled to prejudgment interest. Plaintiff did not, however, cite any authority supporting its request for interest to be assessed at an apparent rate of ten percent. The request for an award of prejudgment interest, therefore, was denied. Plaintiff now moves again for prejudgment interest and submits authority in support of the amount of $5,117.88.

**ANALYSIS**

Plaintiff asserts that it should be awarded prejudgment interest at a rate of ten percent — an amount of $5,117.88. Plaintiff contends that "the Secretary of Agriculture for the United States Department of Agriculture has concluded that ten percent (10%) is a reasonable rate for an award of damages under PACA" (Br. 3). In support of its argument, plaintiff has submitted copies of reparation decisions from the Secretary of Agriculture. The decisions date from 1998 to 2006. In each decision the Secretary summarily concluded that ten percent was a reasonable rate for an award of damages under PACA. On the other hand, the Ninth Circuit has held that:

> [T]he interest rate prescribed . . . under 28 U.S.C. 1961 is appropriate for fixing the rate of prejudgment interest unless the trial judge finds, on *substantial evidence*, that the equities of *that particular case* require a different rate.
>
> \*   \*   \*
>
> [P]rejudgment interest is intended to cover the lost investment potential of funds to which the plaintiff was entitled, from the time of entitlement to the date of judgment.

*Nelson v. EG & G Energy Measurements Group, Inc.*, 37 F.3d 1384, 1391 (9th Cir. 1994) (citation omitted) (emphasis added).

Plaintiff has failed to show "substantial evidence, that the equities of [this] particular case" require a different rate from that prescribed by 28 U.S.C. 1961. It is unclear how the reparation decisions submitted by plaintiff relate to this "particular case." Nothing in the record demonstrates that plaintiff's "lost investment potential" was at a rate other than that prescribed by 28 U.S.C. 1961.

**CONCLUSION**

Plaintiff's motion for additional prejudgment interest at a rate of ten percent — an amount of $5,117.88 is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 28, 2006.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2