IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C. H. ROBINSON COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MARINA PRODUCE CO., INC., a corporation, DOMINIC MONTALBANO, an individual; DONNA RODRIGUEZ, an individual,<br><br>Defendants.<br>_____/ | No. C 05-04032 WHA<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DOMINIC MONTALBANO AND DONNA RODRIGUEZ** |

**INTRODUCTION**

In this action seeking payment for produce sold to defendants, plaintiff now seeks default judgment against defendants Dominic Montalbano and Donna Rodriguez personally in order to obtain payment. Because defendants Montalbano and Rodriguez were the sole officers and shareholders of Marina Produce and in a position to control the Perishable Agricultural Commodities Act ("PACA") trust assets, plaintiff's motion for default judgment is granted.

**STATEMENT**

Plaintiff is a wholesale supplier of perishable agricultural commodities. Defendants are dealers of perishable agricultural commodities. Defendants Montalbano and Rodriguez are the owners of Marina Produce. Plaintiff sold and delivered produce to defendant Marina Produce. Plaintiff is still owed on fifteen outstanding invoices dating from October 18 to December 16, 2003. The outstanding balance is $23,814.55 (Br. 8; Jan. 31 Biesterfeld Decl. Exh. A).

Plaintiff originally filed this action on October 5, 2005. Default judgment was entered against defendant Marina Produce by order dated March 13, 2006. In that order, the motion for default judgment against defendant Marina Produce was granted and damages were awarded for the unpaid goods, attorney's fees and costs. Post-judgment interest was awarded to the extent allowed by 28 U.S.C. 1961. Plaintiff's request for pre-judgment interest was denied in a subsequent order on April 28, 2006. The March 2006 order also denied default judgment against defendants Montalbano and Rodriguez personally because plaintiff failed to allege sufficient facts in its complaint regarding how defendants Montalbano and Rodriguez were personally liable under PACA.

Defendant Marina Produce still has not paid plaintiff, even after a default judgment was entered against it. Plaintiff filed a first amended complaint on September 8, 2006, to rectify the pleading deficiencies with respect to Montalbano and Rodriguez. The first amended complaint contained particular allegations as to how defendants Montalbano and Rodriguez were involved in the business. Default was entered as to Montalbano and Rodriguez on November 28, 2006. Plaintiff now brings this motion seeking an entry of default judgment against defendants Montalbano and Rodriguez personally because plaintiff has been unable to secure payment based on the earlier default judgment against defendant Marina Produce. Plaintiff seeks the exact same amount in damages that plaintiff was granted in the March 2006 order: $23,814.55 in outstanding invoices, $4,200 in attorney's fees, and post-judgment interest at the legal rate (Br. 2).

**ANALYSIS**

The Court previously analyzed much of this claim in its March 2006 order. Because almost all of the present discussion involves facts and law relevant to the previous discussion, much of the analysis remains the same (Mar. 16 Order at 2–3, 5–6, 7). The question this order is primarily concerned with is whether plaintiff now alleges sufficient facts to demonstrate defendants Montalbano and Rodriguez's personal liability for the failure of their company, Marina Produce, to pay plaintiff amounts owed.

Under FRCP 55(b)(2), a party can apply to a district court for entry of judgment by default. "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The following factors are considered:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). For the following reasons, these factors favor entry of default judgment in this case.

### 1. MERITS OF SUBSTANTIVE CLAIMS AND SUFFICIENCY OF THE COMPLAINT.

After entry of default, well-pleaded factual allegations in the complaint are taken as true, except as to the amount of damages. *Fair Hous. of Marin v. Combs,* 285 F.3d 899, 906 (9th Cir. 2002).

Plaintiff alleges a violation of Section 5(c) of PACA, 7 U.S.C. 499e(c). PACA applies to any sales of perishable agricultural commodities to "any commission merchant, dealer, or broker." PACA gives the suppliers of such commodities special rights designed to ensure payment. It requires that all produce-derived revenues "be held by such commission merchant, dealer, or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities . . . until full payment of the sums owing in connection with such transactions has been received . . . ." Section 499b(4) requires buyers to "make full payment promptly."

To establish the existence of a PACA trust, plaintiff must show that: (1) the commodities sold were perishable agricultural commodities; (2) the buyer was a commission merchant, dealer or broker; (3) the transaction occurred in interstate commerce; (4) the seller has not yet received full payment; and (5) the seller preserved its trust rights by giving proper notice to the buyer. 7 U.S.C. 499e. A seller can use "ordinary and usual billing or invoice statements to provide notice of the [seller's] intent to preserve the trust," so long as they contain the following language:

3

> The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

7 U.S.C. 499e(c)(4).

As established in the March 2006 order, a PACA trust was established when defendants failed to pay plaintiff's invoices. Plaintiff's allegations of the existence of a PACA trust are sufficient. Plaintiff claims to have sold perishable produce through interstate commerce to defendants who were dealers, and that plaintiff has not received full payment for sales dating back to October 18, 2003. Plaintiff has complied with PACA's notice requirement under 7 U.S.C. 499e(c)(4). Plaintiff submitted invoices including the requisite statutory language.

The question that remained undecided from the March 2006 order was whether defendants Montalbano and Rodriguez could be held personally liable. The deficiencies in the initial complaint and the initial default judgment motion were that: (1) plaintiff had pled no facts concerning the inability of defendant Marina Produce to satisfy the liability; (2) plaintiff did not allege any facts as to how defendants Montalbano and/or Rodriguez controlled the PACA trust assets; and (3) plaintiff did not allege how defendants Montalbano and/or Rodriguez may have breached the fiduciary duty they owed to the trust. In its first amended complaint and its motion for entry of default judgment against defendants Montalbano and Rodriguez, plaintiff now satisfactorily alleges these facts.

Plaintiff has alleged in its first amended complaint that Montalbano and Rodriguez were the sole owners of Marina Produce. Specifically, plaintiff stated: "Montalbano and Rodriguez exercised exclusive control over the PACA assets as sole owners of Marina. As sole owners, Montalbano and Rodriguez were solely responsible for ensuring that Marina's liability to [p]laintiff was satisfied out of the PACA trust assets" (First Amd. Compl. ¶ 5). Plaintiff also specifically alleges that Montalbano and Rodriguez's failure to pay plaintiff out of the trust created by PACA amounted to a breach of the trust which made them individually liable to plaintiff (First Amd. Compl. ¶ 19-20).

4

Individual shareholders, officers or directors of a corporation may be held personally liable for the corporation's debts when those shareholders, officers or directors are "in a position to control PACA trust assets and . . . breach their fiduciary duty to preserve those assets." *Sunkist Growers v. Fisher*, 104 F.3d 280, 283 (9th Cir. 1997).  Plaintiff has alleged sufficient facts to find defendants Montalbano and Rodriguez personally liable for the debts owed to plaintiff.  Because Montalbano and Rodriguez were the sole owners of Marina Produce, they were in a position to control the trust.  By not paying plaintiff out of the trust either when they received plaintiff's invoices or when default judgment was entered against them, defendants violated the duty they owed to the trust.  By breaching that duty, defendants became personally liable.

### 2. THE REMAINING *EITEL* FACTORS.

The remaining *Eitel* factors favor entry of default judgment.  To deny plaintiff's application would leave plaintiff without a remedy.  Moreover, defendants have refused to litigate this action here after being properly served with the complaint and summons.  In general, the fact that a large sum of money is at stake is a factor disfavoring default judgment. *Cf. Eitel*, 782 F.2d at 1472 (stating that the fact that $3 million was at stake, when considered in light of the parties' dispute as to material facts, supported the court's decision not to enter judgment by default).  Plaintiff asks for damages of $23,814.55.  That amount pales beside the $3 million dollars at stake in *Eitel*.  Since defendants never filed an answer to the complaint, it is unclear whether there is a possibility of dispute concerning the material facts.  There is no evidence that defendants' failure to respond was the result of excusable neglect.  Although federal policy may favor a decision on the merits, FRCP 55(b) permits entry of default judgment in situations, such as this, where the defendant has refused to litigate.  On balance, the *Eitel* factors weigh in favor of default judgment.

### 3. DETERMINATION OF DAMAGES, INTEREST, FEES AND COSTS.

As stated in the March 2006 order, damage allegations are not deemed true simply because of the defendant's default.  Some proof of the amount is required. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).  The statute at issue provides that violators are

liable "for the full amount of damages" and that buyers maintain the statutory trust "until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers . . . ." 7 U.S.C. 499e(a), (c)(2).

Plaintiff has submitted fifteen invoices showing a total amount of $23,814.55 outstanding (Jan. 31 Biesterfeld Decl., Exh. A). This accounting is sufficient and reflects the exact amount plaintiff seeks in damages.

Plaintiff next seeks attorney's fees in the amount of $4,200.00. Plaintiff argues that the language on each invoice, which stated that "[i]nterest and attorneys fees necessary to collect payment are sums owing in connection with the transaction," constituted an agreement between plaintiff and defendants for interest and attorney's fees in any dispute (Br. 11).

Contractual claims for attorney's fees and interest are within the scope of a PACA trust claim. *Middle Mountain Land & Produce, Inc. v. Sound Commodities*, *Inc.*, 307 F.3d 1220, 1224–25 (9th Cir. 2002). Absent a contractual claim, a district court has limited authority to grant attorney's fees. *Id*. at 1225.

The issue then is whether a contractual right was created by the provision on plaintiff's invoices stating that "[i]nterest and attorneys fees necessary to collect payment are sums owing in connection with the transaction." These are additional terms as the invoices were sent after the produce had shipped. "Between merchants [additional] terms become part of the contract unless: (a) [t]he offer expressly limits acceptance to the terms of the offer; (b) [t]hey materially alter it; or (c) [n]otification of objection to them has already been given or is given within a reasonable time after notice of them is received." Cal. Com. Code 2207(2). There is no reason to conclude that any of the exceptions apply. *See United States v. A.E. Lopez Enters., Ltd.*, 74 F.3d 972, 976 (9th Cir. 1996) (finding that interest terms on concrete supplier's invoice created an enforceable contract); *JC Produce, Inc. v. Paragon Steakhouse Rests., Inc.*, 70 F. Supp. 2d 1119, 1123 (E.D. Cal. 1999) (holding that the plaintiff's invoices expressly reserved PACA trust rights over interest and reasonable attorney's fees). The invoices submitted by plaintiff thus set forth the terms for past due accounts with respect to interest and attorney's fees.

6

Plaintiff seeks an amount of $4,200.00 for attorney's fees. Plaintiff submitted a description of the legal work performed, a breakdown of the 16.8 hours expended, and the attorney's hourly rate of $250 per hour (Jan. 31 Cornell Decl. ¶¶ 6–7). This accounting is sufficient.

Plaintiff next claims post-judgment interest. Post-judgment interest is mandatory. *Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 290 (9th Cir. 1994) (noting that "[u]nder the provisions of 28 U.S.C. 1961, post-judgment interest on a district court judgment is mandatory"). Post-judgment interest must be calculated in accordance with 28 U.S.C. 1961. That calculation will begin on the date judgment is entered against defendants Montalbano and Rodriguez individually.

Finally, plaintiff claims court costs in the amount of $558.00. Plaintiff has submitted a breakdown of the court costs which consist of fees for filing and service of process (Jan. 31 Cornell Decl. ¶ 5). This accounting is sufficient.

## CONCLUSION

Plaintiff's motion for default judgment against defendants Montalbano and Rodriguez for the principal amount of $23,814.55, for attorney's fees in the amount of $4,200.00 and for costs in the amount of $558.00 is **GRANTED**. To the extent allowed by 28 U.S.C. 1961, post-judgment interest is **GRANTED**.

**IT IS SO ORDERED.**

Dated: January 4, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE